**LDG** **LITE DEPALMA**
**GREENBERG, LLC**
ATTORNEYS AT LAW
Newark • Chicago

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

Michael E. Patunas
mpatunas@litedepalma.com

January 26, 2012

**VIA ECF AND FACSIMILE**

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 341
402 E. State Street
Trenton, NJ 08608

Re:  *In re Effexor XR Antitrust Litigation*
     **Lead Case Nos.  11-5590; 11-5479; 11-6985; 11-7504 (JAP)(LHG)**

Dear Judge Goodman:

We write on behalf of our clients Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively, "Teva" or the "Teva Defendants") regarding the letters recently submitted to the Court by counsel for the Individual Direct Purchaser Plaintiffs, the Indirect Purchaser Class Plaintiffs and the Direct Purchaser Class Plaintiffs regarding, among other things, a schedule for briefing on Defendants' contemplated motions to dismiss.  Teva submits that the briefing schedule proposed by Defendants, and agreed to and submitted to the Court by the Individual Direct Purchaser Plaintiffs, is an appropriate schedule for briefing, particularly in light of the fact that Teva USA was only recently added as a defendant in these actions (and at this point has been served in some, but not all cases) and that Teva Ltd. has not yet been properly served in any case in which it has been named.  While some Plaintiffs, namely, the Direct Purchaser Class Plaintiffs and the Indirect Purchaser Class Plaintiffs, have suggested a more accelerated briefing schedule in their letters to the Court, based mainly on the pendency of the litigation prior to Teva being sued, Teva submits that accelerating the suggested schedule is not appropriate given such Plaintiffs' decision to only recently add Teva to this litigation.

302128 v1



Honorable Lois H. Goodman, U.S.M.J.
January 26, 2012
Page 2

### Status of the Teva Defendants

As stated above, the Teva Defendants have been only recently named as Defendants in any of these actions.[1] In the Individual Direct Purchaser actions, Civil Action Nos. 11-6985 and 11-7504, only Teva USA has been named and served. In the two putative class actions, both Teva USA and Teva Ltd. have been named as Defendants. However, only Teva USA has been properly served with the Consolidated First Amended Direct Purchaser Class Complaint. While Mr. Pearlman's statement in his January 24, 2012 letter that Teva USA obtained a L.Civ.R. 6.1(b) extension which technically expired on January 24, 2012 is correct, in written communications Mr. Pearlman agreed with my proposal that the due date for Teva USA to respond to that Complaint be extended pending entry of a motion to dismiss briefing schedule by the Court. As for Teva Ltd., the Direct Purchaser Class Plaintiffs also agreed that issues of service on that foreign entity would be resolved as part of the process of devising an acceptable briefing schedule on motions to dismiss.[2]

With regard to the Indirect Purchaser Class Plantiffs, we are not aware of any effort by them to serve Teva USA with their Consolidated First Amended Complaint, which was filed several weeks ago on January 9, 2012, although counsel recently requested that this firm accept service of that Complaint on behalf of Teva Ltd.. Again, we contemplate that any service issues as to the Teva Defendants in that action will be included in the parties' continuing discussions regarding a motion to dismiss briefing schedule.[3]

### Plaintiffs' Request to Commence Discovery

In their letters to the Court, most if not all Plaintiff groups have requested an order that discovery commence upon entry of the motion to dismiss scheduling order. Teva submits that the commencement of discovery, particularly against Teva, is inappropriate given Teva's recent addition to the case and pending service issues to be resolved. Teva thus submits that the briefing schedule submitted to the Court by the Individual Direct Purchaser Plaintiffs (which has

---

[1] Before the original four Direct Purchaser Class Actions were transferred to this Court from the Southern District of Mississippi, it appears that neither Teva Defendant had been sued in *any* of these actions. Almost immediately upon transfer of the original Mississippi cases, a wave of new actions was quickly filed in this Court naming one or both Teva entities as Defendants.

[2] These email communications began several weeks ago, before the New Year. Thus, Mr. Pearlman's assertion that no defendant requested any extension of time to respond until this week is incorrect, certainly as to Teva USA.

[3] We note that the first named Plaintiff in Civil Action No. 11-5590, which the Court had designated as the Lead Indirect Class Action case, has apparently elected to break from the Indirect Purchaser Class and file an Individual Indirect Purchaser action against only the Wyeth Defendants. ECF No. 37, entered on January 25, 2012 in Civil Action No. 11-5590.

302128 v1



Honorable Lois H. Goodman, U.S.M.J.
January 26, 2012
Page 3

been agreed to by Teva and Wyeth) be adopted by the Court, and that discovery in these actions be stayed (or at a minimum deferred as to Teva) pending resolution of Defendants' motions to dismiss, which will raise case-dispositive defenses. *See, e.g., In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187 (2d Cir. 2006), *cert. denied*, 551 U.S. 1144 (2007) (granting motion to dismiss in patent settlement case). In any event, no discovery should proceed until the Court, in the ordinary course, convenes an initial scheduling conference and enters an Initial Scheduling Order and a Discovery Confidentiality Order.

For the foregoing reasons, Teva respectfully submits that the motion to dismiss briefing schedule submitted by the Individual Direct Purchaser Plaintiffs is appropriate and should be adopted by the Court, and that the Court should stay discovery, at least as to Teva, until the Defendants' motions to dismiss are resolved. At Your Honor's direction, counsel in all of these actions will soon meet and confer to discuss resolution of the issues raised above. Of course, we remain available to discuss these issues with the Court at its convenience.

Respectfully,

Michael E. Patunas

MEP:emp

cc:   All Counsel of Record (via ECF)

302128 v1