# Connell Foley LLP
## ATTORNEYS AT LAW

**85 Livingston Avenue**
**Roseland, N.J. 07068-3702**
**(973) 535-0500**
**Fax: (973) 535-9217**

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*+
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
PETER J. SMITH*
WILLIAM P. KRAUSS
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY

MICHAEL J. CROWLEY-
TIMOTHY E. CORRISTON*
PATRICK J. HUGHES*+
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
STEPHEN A. URBAN
CHARLES J. HARRINGTON III+
STEPHEN V. FALANGA*
TRICIA O'REILLY*
ANTHONY F. VITIELLO*+
MARC D. HAEFNER
JONATHAN P. MCHENRY
BRAD D. SHALIT*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. MCCARTHY*
PATRICIA A. LEE*+
AGNIESZKA ANTONIAN*
CHRISTOPHER J. TUCCI+
NEIL V. MODY*

*Also Admitted in New York
+Also Admitted in Pennsylvania
-Only Admitted in New York
Please Reply to Roseland, NJ

**Other Offices**

HARBORSIDE FINANCIAL
CENTER
2510 PLAZA FIVE
JERSEY CITY, NJ 07311
(201) 521-1000
FAX: (201) 521-0100

1500 MARKET STREET
12TH FLOOR, EAST TOWER
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

888 SEVENTH AVENUE
9TH FLOOR
NEW YORK, NY 10106
(212) 307-3700
FAX: (212) 262-0050

ONE GREENTREE
CENTRE
SUITE 201
MARLTON, NJ 08053
(856) 988-5487
FAX: (856) 596-8359

THE ATRIUM, SUITE E
309 MORRIS AVENUE
SPRING LAKE, NJ 07762
(732) 449-1440
FAX: (732)449-0934

**Counsel**
JOHN W. BISSELL
EUGENE J. CODEY, JR.
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
STEVE BARNETT*
THOMAS M. SCUDERI*

DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
HECTOR D. RUIZ*
ROBERT A. VERDIBELLO*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
DANIELA R. D'AMICO*
CHRISTINE I. GANNON*
PHILIP W. ALLOGRAMENTO III*
LAURIE B. KACHONICK*
ANDREW C. SAYLES*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
ANTHONY J. CORINO*
WILLIAM D. DEVEAU*
CONOR F. MURPHY*
MEGHAN BARRETT BURKE*
RUKHSANAH L. LIGHARI*
STACIE L. POWERS*
NICOLE B. DORY*
JOSEPH A. VILLANI, JR.*
MICHAEL BOJBASA-

KARIN I. SPALDING*
JODI ANNE HUDSON*
RICHARD A. JAGEN
JOSEPH M. MURPHY*
NANCY A. SKIDMORE*
JASON E. MARX*
ALEXIS E. LAZZARA
DANIEL B. KESSLER

CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI*
MONICA SETH*
MELISSA D. LOPEZ
ANDREW L. BARON*
JASON D. FALK*
MICHAEL J. SHORTT+
JOANNA S. RICH*
PATRICK J. MURPHY, III*
MEGHAN K. MUSSO
EDMUND J. CAULFIELD*
SYDNEY J. DARLING*
JESSICA L. PALMER
NEIL V. SHAH*
STEPHEN R. TURANO*
TARA L. TOULOUMIS*
STEVEN A. KROLL*
MICHAEL J. CREEGAN*
THOMAS M. BLEWITT, JR.+
BRIAN S. WOLFSON
SONYA B. COLE*
MOLLY F. HURLEY
JAMES E. FIGLIOZZI-

January 26, 2012

**VIA ECF AND FEDERAL EXPRESS**
The Honorable Lois Goodman, U.S.M.J.
United States District Court of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:  **Effexor XR Antitrust Litigation**
          **Civ. Action No. 3:11-5479 (JAP/LHG)**
          **Civ. Action No. 3:11-5590 (JAP/LHG)**
          **Civ. Action No. 3:11-6985 (JAP/LHG)**
          **Civ. Action No. 3:11-7504 (JAP/LHG)**

Dear Judge Goodman:

    This firm, together with White & Case LLP, represents Defendants Wyeth, Inc., Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals, and Wyeth Pharmaceuticals Company (collectively, "Wyeth") in the above-referenced matters. We are writing in response to the letters sent on January 24, 2012 by counsel for Plaintiffs in one of the Individual Direct Purchaser Actions (*Walgreen Co. et al. v. Wyeth, Inc. et al.*, Civil Action No. 3:11-6985) and the Direct and Indirect Purchaser Class Actions regarding the schedule for motions to dismiss in these cases.

    On January 23, pursuant to Magistrate Judge Goodman's instruction that the parties work together to submit a schedule for motions to dismiss in this matter by January 27, we submitted a proposed stipulation to counsel for Plaintiffs in all the pending cases. That proposal, which reflected the agreement of both Wyeth and the recently-added Teva Defendants (Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries, Ltd.) would call for Defendants' motions to dismiss to be due 60 days from the date of the Court's scheduling order, Plaintiffs' responses to be due 60 days from the filing of the motions, and Defendants' replies to be due 45

The Honorable Lois Goodman, U.S.M.J.
January 26, 2012
Page 2

days from the filing of Plaintiffs' responses.  Attached is a copy of Defendants' proposed schedule for the motions to dismiss.

On January 24, after counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (Civil Action No. 3:11-7504) had agreed to Defendants' proposed schedule, but before counsel for Plaintiffs in the Direct Purchaser and Indirect Purchaser Class Actions had responded to Defendants' proposal, Mr. Perwin submitted his letter to the Court on behalf of Plaintiffs in the *Walgreen* matter.  Counsel for the Direct and Indirect Purchaser Class Plaintiffs then submitted their respective letters.

To summarize, Plaintiffs in the two Individual Direct Purchaser Actions agree with Defendants' proposed schedule, but one of them requests that the parties make initial disclosures and commence fact discovery before the motions to dismiss are resolved.  Counsel for the Direct and Indirect Purchaser Class Action Plaintiffs also propose the commencement of fact discovery and appear to disagree with Defendants' proposed briefing schedule.

*First*, with respect to the schedule for the motions to dismiss, Wyeth respectfully submits that its proposed schedule is appropriate in light of the breadth and scope of Plaintiffs' allegations (for example, the complaints contain multiple antitrust theories, and most run over 100 pages and in excess of 300 paragraphs) and the recent modifications and expansion of those allegations in the amended, consolidated complaints (including the introduction of the Teva Defendants and a wholly new Section 1 theory).  Nevertheless, as instructed by Judge Goodman's chambers, Wyeth will further meet and confer with all counsel on whether the parties can reach agreement on a proposed schedule.[1]

*Second*, Wyeth strongly opposes Plaintiffs' request that discovery commence before the motions to dismiss are decided.  Without detailing the likely arguments, Wyeth respectfully states that it will be moving to dismiss all of Plaintiffs' claims and that all of the claims indeed should be dismissed, particularly in light of the Federal Circuit's recent landmark decision in *Therasense*, among other reasons.  *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011).  Such discovery also would defeat one of the primary purposes of the Supreme Court's decision in *Twombly*, which warned that "[t]he 'costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  In *Twombly*, the Supreme Court made clear that expensive and burdensome discovery should be avoided until the sufficiency of plaintiffs' allegations can be determined:  "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Twombly*, 550 U.S. at 558 (citation omitted) (identifying the avoidance of unnecessary discovery as a reason for "insist[ing] upon some

---

[1] Additionally, the Direct Purchaser Class Action Plaintiffs' proposed page limits are completely unsuited to the scope of these actions.  Indeed, they appear to provide for fewer pages than contemplated by the local rules.  But because Mr. Pearlman's letter to the Court was the first Defendants heard of that proposal, we propose that the parties first meet and confer on the subject of page limits in the hope of submitting a joint proposal to the Court.

The Honorable Lois Goodman, U.S.M.J.
January 26, 2012
Page 3

specificity in pleading") (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).[2]

Courts in the Third Circuit and elsewhere regularly defer discovery pending motions to dismiss, as discovery may be unnecessary if such motions are granted. *Mann v. Brenner*, No. 09-2461, 2010 WL 1220963, at *5 (3d Cir. Mar. 30, 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.") (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *Weisman v. Mediq, Inc.*, Civ. A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (where plaintiffs alleged federal and state claims, stay of discovery was appropriate pending motion to dismiss as parties needed to know which claims were viable for discovery); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 302 (3d Cir. 2006) ("Until the Rule 12(b)(6) motion is resolved, all discovery must be stayed."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3-4 (N.D. Ind. Sept. 15, 2011); *Babalola v. Donegal Mut. Ins. Co.*, No. 1:08-CV-621, 2008 WL 5278393, at *2-3 (M.D. Pa. Dec. 18, 2008); *DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("adjudicating the motions to dismiss will shed light on the best course for discovery").

Indeed, this Court has routinely deferred discovery pending a decision on a motion to dismiss. *See Patel v. Barbo*, No. 08-3586 (JAP), 2011 WL 1882422, at *2, n.4 (D.N.J. May 17, 2011); *ANJC v. Aetna, Inc.*, Civil Action No.: 09-3761 (JAP) (TJB) (D.N.J. Sept. 21, 2010), ECF No. 48; *see also In re Ins. Brokerage Antitrust Litig.*, Nos. 04-5184 (GEB), 06-0593 (GEB), 2009 WL 580238, at *1 (D.N.J. Mar. 3, 2009) (noting in procedural history that the court stayed matter pending defendants' motion to dismiss); *Liberty & Prosperity 1776, Inc. v. Corzine*, No. 08-2642 (JBS), 2009 WL 537049, at *2, n. 6 (D.N.J. Mar. 3, 2009) (noting that Magistrate Judge granted stay of discovery pending resolution of motion to dismiss); *Abraxis Bioscience, Inc. v. Navinta LLC*, No. 07-1251 (JAP), 2008 WL 2967034, at *9 (D.N.J. July 31, 2008) (granting motion to bifurcate and stay discovery for antitrust counterclaims pending resolution of patent infringement claims); *SL Waber, Inc. v. Am. Power Conversion Corp.*, 135 F. Supp. 2d 521, 524 (D.N.J. 1999) (discovery stayed pending reexamination of patent by PTO).

The postponement of discovery pending dispositive motions is particularly appropriate in antitrust cases, given the notoriously expensive and burdensome discovery in such cases. *See, e.g.*, *Twombly*, 550 U.S. at 558; *Car Carriers*, 745 F.2d at 1106; *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *4-5 ("To be sure, to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly,* at least when the discovery would be burdensome."); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (interpreting *Twombly* as recognizing that "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive"); *Asahi Glass Co. v. Pentech Pharm. Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by

---

[2] Counsel for the Direct Purchaser Class Plaintiffs also suggests that there might be some extant universe of documents that could be "segregated and ready for production" now. Although documents were produced by the parties in many of the underlying patent cases, those documents have never been reviewed by antitrust counsel, are subject to protective orders that will need to be addressed prior to production, and will require significant effort to review and prepare for production in the event that they ever become responsive to any document request in this matter. Such burdensome discovery is exactly what *Twombly* sought to avoid, and should not be imposed on Wyeth here.

designation) (antitrust cases usually involve an "inevitably costly and protracted discovery phase"). The instant cases involve multiple defendants, over 20 named plaintiffs (claiming to represent at least thousands of direct and indirect purchasers), and over 100 separate state and federal patent and antitrust claims, and a postponement of any discovery is therefore appropriate.[3]

Moreover, Plaintiffs can point to no compelling need for immediate discovery. *Cf. DSM Desotech Inc.*, 2008 WL 4812440, at *3 ("Absent circumstances presenting a compelling need for prompt discovery – as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness . . . the principles underlying *Twombly* counsel in favor of granting defendants' motion to stay.") (citing *Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *4-5); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Guarneros v. Deutsche Bank Trust Co. Am., Aurora Loan Servs., LLC*, No. 08-cv-01094-PAB-KLM, 2009 WL 151511, at *1 (D. Colo. Jan. 21, 2009); *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, No. H-08-cv-0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008).

Wyeth therefore requests that the Court postpone the commencement of fact discovery until the Court resolves the motions to dismiss.

We will inform the Court of the parties' further meet and confer progress on the briefing schedule, as instructed. We appreciate the Court's attention to this matter.

    Respectfully submitted,

    *s/Liza M. Walsh*

    Liza M. Walsh

Enclosure

cc:    All Counsel of Record (via ECF)

---

[3] The sheer number of federal and state laws at issue further counsels in favor of a postponement of fact discovery. There are multiple bases on which this Court should dismiss all of Plaintiffs' claims – but many claims should also be subject to dismissal on specific, independent bases. Therefore, even if this Court were to allow the case as a whole to proceed past a motion to dismiss (and it should not), the case may involve significantly fewer claims – and potentially different discovery – after the motions to dismiss are decided.